UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Young Sook Cho<br><br>         Plaintiff,<br>v.<br><br>Eun Sook Chu<br><br>         Defendant. | Index No. 21-cv-2297<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Young Sook Cho through her attorneys, for her Complaint against Eun Sook Chu ("Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

**1.** This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law §650 et seq. for Defendant's failure to pay minimum and overtime compensation to Plaintiff. During the course of her employment by Defendant, Plaintiff regularly worked over ten (16) hours per day and over forty (40) hours per week. Defendant did not pay her minimum wage and overtime wage properly. Plaintiff further alleges that Defendant's failure to pay overtime wages is willful and intentional.

### THE PARTIES

2.     Plaintiff was at all times relevant hereto employee of Defendant.

3.     Defendant Eun Sook Chu, resided at 6 Stonehouse Rd. Scarsdale New York.

1

4. Plaintiff was at all times relevant hereto an individual employed in the State of New York by Defendant.

5. Plaintiff was at all times a relevant hereto non-exempt employee within the meaning of the FLSA minimum wage provision.

6. Plaintiff was at all times a relevant hereto non-exempt employee within the meaning of NYLL and the implementing rules and regulations of the NYLL.

7. Plaintiff Young Sook Cho was hired by Defendant as a live-in home maid in 1999.

8. For the period commencing from about 1999 until February 25, 2021, Plaintiff Young Sook Cho ("Cho") regularly and customarily at the specific instructions and demand of Defendant actually performed work for Defendant over sixteen (16) hours per day and over one hundred (112) hours per week.

9. During her employment period, Plaintiff lived in Defendant's house for seven days per week, 365 days a year for over 20 years.

10. Plaintiff worked as a domestic live-in worker and her daily household duties included, among many other things, cleaning the whole house which had 6 bedrooms and 6 bathrooms, stairways, kitchen, preparing and serving all meals throughout the day, and doing laundry for all the family members, washing the dishes and pulling weeds from front and back yard.

11. Ms. Cho regularly worked approximately more than sixteen hours a day, for seven days a week. Her normal day began around 6 a.m. and ended around 10 p.m. but sometimes lasted until 12 am or 1 am.

12. Defendant Chu was Plaintiff Cho's ex-sister-in-law. Defendant's husband Mr. Chu was a younger brother of Ms. Cho's ex-husband.

13.     Defendant Chu invited Ms. Cho when she was in Korea in 1999. Chu hired Cho to work at her house as a live-in domestic worker.

14.     In 1999, Ms. Cho came to the United States to work for Defendant's family and she started to work and live in Defendant's house. She was about 58 years old.

15.     From 1999 until 2001 for two years, Plaintiff was paid $1,400 per month regardless of how many hours she actually worked. But soon Defendant started to not pay her any wage from 2002 until February 25, 2021.

16.     Ms. Cho had worked for Defendant and her family for about 22 years but Defendant did not pay her at all except the first few years.

17.     Defendant did not keep any record of her work hours nor did she ask plaintiff to keep such record.

18.     During her employment period, Ms. Cho was verbally and physically harassed and assaulted by Defendant routinely. Defendant always yelled and swore at Ms. Cho and slapped Ms. Cho's cheeks and kicked her.

19.     Defendant also threatened Ms. Cho frequently that she would take her to an airport and abandon her there.

20.     Plaintiff does not speak any English and she became undocumented while she was working for defendant.  Plaintiff's highest level of education is elementary school so living in a foreign country where she speaks

21.     Plaintiff was not given any free time for herself during her employment. She was not allowed to go outside and spend her time during the period. She was not given a cell phone, she was not allowed to use home phone and she did not have any money because she was not paid at all.

22. Plaintiff does not speak English and she did not have anyone to help her out from her situation.

23. During the employment period, Plaintiff was not aware that she had a right to claim her unpaid wage at all.

24. Whenever Ms. Cho requested her unpaid wage to Defendant, Defendant yelled, swore at her and beat her.

25. Ms. Cho has been old and she became almost 80 years old this year. Defendant planned to abandon Ms. Cho to Korea because Ms. Cho was not able to work for Defendant any longer.

26. At the beginning of 2021, Defendant visited the Consulate General of the Republic of Korea located in New York along with Ms. Cho and renewed Ms. Cho's Korean passport. Then Defendant bought a flight ticket to Korea for Ms. Cho and forced Ms. Cho to go to Korea. On February 26, 2021, Ms. Cho was sent to Korea by Defendant even though she does not have any family, friends, or relatives in Korea. She was abandoned by Defendant.

27. Plaintiff performed manual labor for Defendant such as washing the dishes, doing laundry, removing weed from the lawn, et cetera.

28. Plaintiff was assigned to the said manual labor by Defendant.

29. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendant.

30. Plaintiff did not have to supply her own tools and equipment in connection with her work for Defendant.

31. Plaintiff was required to report to work for Defendant at a certain time.

32. Plaintiff could not set her own hours of work for Defendant.

33. Defendant, Eun Sook Chu managed, supervised, established, and administered the terms and conditions of Plaintiff's employment.

34. Defendant, Eun Sook Chu participated in and approved of the unlawful pay practices at Scarsdale in New York.

35. Defendant, Eun Sook Chu was involved in assigning work to Plaintiff.

36. Defendant, Eun Sook Chu had the power and authority to discipline Plaintiff.

37. Defendant, Eun Sook Chu exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

38. Defendant, Eun Sook Chu hired Plaintiff.

39. Defendant, Eun Sook Chu was in charge of paying Plaintiff.

40. Defendant, Eun Sook Chu told Plaintiff where to work and when to work.

41. Defendant employed Plaintiff to do work for them in the States of New York.

42. Defendant provided the tools and equipment and materials for Plaintiff to do her job with Defendant.

43. Defendant held Plaintiff out as an employee.

44. Defendant employed and paid Plaintiff as her employee.

45. Defendant is an employer within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

46. No exemption from overtime wages applied to Plaintiff's employment with Defendant under NYLL.

47. Defendant never obtained legal advice or counsel that her overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

48. Defendant never obtained any written guidance from the U.S. Department of Labor concerning her pay practices and policies.

49. Upon information and belief, Defendant knowingly, willfully, and intentionally violated the minimum wage and overtime provisions of the FLSA and New York Labor Law.

50. Upon information and belief, Defendant failed to keep, maintain, and preserve truthful and accurate records of the hours that Ms. Cho worked and the wages paid to her.

51. No exemption from overtime applies or applied to Plaintiff when they worked more than 40 hours in a workweek for Defendant under New York state law.

52. Defendant failed to pay Plaintiff overtime premium for all hours worked in excess of 40 hours per workweek.

53. Defendant, Eun Sook Chu is a citizen and resident of the State of New York.

## JURISDICTION AND VENUE

54. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### FAIR LABOR STANDARDS ACT
**Minimum Wage Claim**

55. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

56. The FLSA requires employers, such as Defendant, to pay employees the minimum wage for all hours worked.

57. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

58. During the applicable statute of limitations, Defendant has failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

59. Plaintiff does not or did not perform job duties or tasks that permit them to be exempt from a minimum wage as required under the FLSA.

60. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61. Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable workweek, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

62. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, plaintiff prays for judgment in her favor and against the Defendant, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid wages due and owing to the plaintiff, which were wrongfully converted to the Defendant' use as described above;

B. interest on all amounts awarded;

C. attorneys' fees, together with costs of suit and collection; and

D. such further relief as may be fair and just in the premises

## COUNT II
## FAIR LABOR STANDARDS ACT
### Overtime Wages

63. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

64. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for her failure to pay overtime wages to Plaintiff for all hours worked.

65. For a certain period of her employment, Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

66. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

67. During the course of her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

68. Plaintiff was directed by Defendant to work and did so work, in excess of forty (40) hours per week.

69. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay.

70. Defendant did not compensate Plaintiff at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

71. Defendant's failure and refusal to pay overtime premium at one and one-half times

Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

72.     Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

    A.     A judgment in the amount of one and one-half times Plaintiff' regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

    B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C.     Reasonable attorney's fees and costs incurred in filing this action; and

    D.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
## NEW YORK LABOR LAW
### Minimum Wages Claim

73.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

74.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

75.     The matters set forth in this count arise from Defendant's violation of the minimum wage provisions of the Minimum Wage Act Article 19 New York State Labor Law §650 et seq. Plaintiff brings this action pursuant to NYLL §663.

76.     At all relevant times herein, Defendant was "employer" as defined in the NYLL §651-6, and Plaintiff was "employee" within the meaning of that Act §651-5.

77. Pursuant to NYLL §652-1, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

78. Defendant did not compensate Plaintiff minimum wages for all hours worked.

79. Defendant violated the New York Labor Law by refusing to compensate Plaintiff's minimum wages for all hours worked.

80. Pursuant to 19 NYLL 663-1 & 4, Plaintiff is entitled to recover her unpaid wages together with costs all reasonable attorney's fees, prejudgment interest, and an additional amount as liquidated damages equal to one hundred percent (100%) of the total of underpayments.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and such other and further relief as this Court deems appropriate and just.

## COUNT IV
## NEW YORK LABOR LAW
### Overtime Wages

81. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

82. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

83. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the 12 NYCRR §142-2.2.

84. Pursuant to 12 NYCRR § 142-2.2, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

85. Defendant failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) hours in individual workweeks.

86. Defendant violated the NYLL overtime wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) hours in individual workweeks.

87. Defendant willfully violated the NYLL overtime wage law by refusing to compensate Plaintiff at one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of unpaid overtime wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Spread of Hours

88. Under New York State law, the "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for that day. New York State law requires that an employer pay an employee one (1) extra hour of pay at the minimum wage for each day that employee works an interval of more than ten (10) hours.

89. Plaintiff regularly worked a "spread of hours" greater than ten (10) hours per day.

90. Defendant never paid Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day.

91. Defendant knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day as required by the New York State labor regulations.

> **WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:
>
> A. A judgment in the amount of unpaid spread of hours for all number of days he worked more than ten (10) hours in a day;
>
> B. Pre-judgment interest pursuant to N.Y.C.P.L.R. §§ 5001, 5004;
>
> C. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;
>
> D. Reasonable attorney's fees and costs incurred in filing this action; and
>
> E. Such other and further relief as this Court deems appropriate and just.

### COUNT VI
### Time of Hire Wage Notice Requirement

92. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93. The NYLL requires employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

94. Defendant intentionally failed to provide notice to the employee in violation of New York Labor Law §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to the rate of pay, regular pay cycle and rate of overtime at her time of hire or her first day of employment.

95. Defendant not only failed to provide notice to each employee at Time of Hire but also failed to provide notice to the plaintiff even after the fact.

96. Due to Defendant's violations of New York Labor Law, Plaintiff is entitled to recover from Defendant, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law §198(1-b).

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. An award of damages for Defendant's failure to provide wage notice at the time of hire as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

### COUNT VII
### Pay Stub Requirement

97. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98. The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

99. Defendant has failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of plaintiff and did not provide the paystub on or after Plaintiff's payday.

100. Due to Defendant's violations of New York Labor Law, Plaintiff is entitled to recover from Defendant, jointly and severally, $250 for each workday of the violation, up to $5,000 together with costs and attorneys' fees pursuant to New York Labor Law §198(1-d).

   **WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

   A. An award of damages for Defendant's failure to provide pay stubs as required under the New York Labor Law;

   B. Reasonable attorney's fees and costs incurred in filing this action; and

   C. Such other and further relief as this Court deems appropriate and just.

### COUNT VIII
### Day of Rest Violation

101. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

102. Domestic workers are entitled to at least 24 consecutive hours of rest each and every calendar week. An employee may voluntarily agree to work on her/his day of rest if compensated at the overtime rate for all hours she/he works on the day of rest. The day of rest should, whenever possible, coincide with the employee's traditional day for religious worship. N.Y. Labor Law § 161.1.

103.    In addition, after one year of work with the same employer, a domestic worker shall be entitled to at least three (3) days of rest in each calendar year at the regular rate of compensation.

104.    The defendant has failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of plaintiff and did not provide the Day of Rest during Plaintiff's entire employment period.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. An award of damages for Defendant' failure to provide Day of Rest as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

### JURY TRIAL

A jury trial is demanded on all Counts.

    /s/ Ryan Kim
Ryan J. Kim

Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd.
Suite 490
Fort Lee, NJ 07024
Attorney for Plaintiff