**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

---

Young Sook Cho

               Plaintiff,

   v.

Eun Sook Chu

           Defendant.

---

Index No. 21-cv-2297

**ANSWER**

**JURY TRIAL DEMANDED**

Defendant Eun Sook Chu ("Defendant") by through her attorneys Michael Faillace & Associates, P.C., answer the Complaint of Plaintiff Young Sook Cho ("Plaintiff") as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     The allegations of Paragraph 1 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with that document

**THE PARTIES**

2.     Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

3.     Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4.     Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5.     Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6.     Defendant denies the allegations set forth in Paragraph 6 of the Complaint.

7.     Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8.     Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9.     Defendant admits that the Plaintiff resided in the Defendant's home for over twenty years but denies that she was ever an employee and thus denies that this time constitutes an "employment period."

10.    Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11.    Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12.    Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13.    Defendant admits that she agreed to allow the Plaintiff to live with her in the United States at the Defendant's request. Defendant denies that she invited Plaintiff to be a domestic worker or any type of worker.

14.    Defendant admits that Plaintiff came to live with her in the United States in 1999. Defendant denies that Plaintiff ever worked in Defendant's home. Defendant lacks specific knowledge of the Plaintiff's precise age at this time.

15.    Defendant denies the allegations set forth in Paragraph 15 of the Complaint. Defendant denies that Plaintiff worked for her in any capacity. Defendant denies paying any wage to the Plaintiff as she did not work for her.

16.    Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17.    Defendant admits that she did not keep any records of any work hours but denies that Plaintiff had any work hours to record.

18.    Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20.    Defendant denies knowledge sufficient to admit or deny the allegations set forth in Paragraph 20 of the Complaint.

21.    Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22.    Defendant denies knowledge sufficient to admit or deny the Plaintiff's proficiency in

English and denies the remainder of the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendant lacks knowledge as to the Plaintiff's knowledge and further denies that she was owed any wages.

24.     Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendant denies knowledge as to the exact age of the Plaintiff and denies the remainder of the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations set forth in Paragraph 26 of the Complaint except to state that she assisted the Plaintiff if renewing her passport at the Plaintiff's request, assisted with her return to Korea at the Plaintiff's request, and denies knowledge as to Plaintiff's circumstances in Korea.

27.     Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendant denies knowledge of the Plaintiff's skills but denies that she was assigned any work.

30.     Defendant denies that Plaintiff supplied any tools or equipment and further denies that she worked for her.

31.     Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44.    Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45.    Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46.    The allegations set forth in Paragraph 46 of the Complaint constitute legal conclusions to which no response is required but to the extent a response is required, the Defendant denies them.

47.    Defendant admits the allegations set forth in Paragraph 47 of the Complaint as she did not have any employees of any kind.

48.    Defendant admits the allegations set forth in Paragraph 48 of the Complaint as she did not have any employees.

49.    Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50.    Defendant admits that she failed to maintain records as set forth in Paragraph 50 of the Complaint as Defendant denies that Plaintiff was ever her employee/

51.    The allegations set forth in Paragraph 51 of the Complaint constitute legal conclusions to which no response is required but to the extent a response is required, the Defendant denies them.

52.    The allegations set forth in Paragraph 52 of the Complaint constitute legal conclusions to which no response is required but to the extent a response is required, the Defendant denies them.

53.    Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

## JURISDICTION AND VENUE

54.    The allegations set forth in Paragraph 54 of the Complaint constitute legal conclusions to which no response is required but to the extent a response is required, the Defendant

4

denies them.

## COUNT I
## FAIR LABOR STANDARDS ACT
### Minimum Wage Claim

55.     Defendant hereby incorporates by reference the foregoing paragraphs of this

Answer.

56.     The allegations set forth in Paragraph 56 of the Complaint constitute a legal

conclusion to which no response is required, except that Defendant denies that she is an employer.

57.     The allegations set forth in Paragraph 57 of the Complaint constitute a legal

conclusion to which no response is required.

58.     The allegations set forth in Paragraph 58 of the Complaint constitute a legal

conclusion to which no response is required, except that Defendant denies that she employed

Plaintiff in any capacity.

59.     The allegations set forth in Paragraph 59 of the Complaint constitute a legal

conclusion to which no response is required, except the Defendant denies that the Plaintiff

performed any job duties or tasks at all.

60.     The allegations set forth in Paragraph 60 of the Complaint constitute a legal

conclusion to which no response is required.

61.     Defendant admits that the Plaintiff is seeking relief as set forth in Paragraph 61.

62.     Defendant admits that the Plaintiff is seeking relief as set forth in Paragraph 62.

Defendant denies that the Plaintiff is entitled to any relief of the nature set forth in the

"wherefore clause" of the Complaint or any relief at all.

## COUNT II
## FAIR LABOR STANDARD ACT
### Overtime Wages

63.     Defendant hereby incorporates by reference the foregoing paragraphs of this

Answer.

64.     The allegations set forth in Paragraph 64 of the Complaint constitute a legal conclusion to which no response is required, except that Defendant denies that she is an employer

65.     Defendant denies the allegation set forth in Paragraph 65 if the Complaint.

66.     The allegations set forth in Paragraph 66 constitute a legal conclusion to which no response is required.

67.     The allegations set forth in Paragraph 67 constitute legal conclusions to which no response is required except that Defendant denies that Plaintiff was never an employee of Defendant.

68.     Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69.     The allegations set forth in Paragraph 69 of the Complaint constitute legal conclusions to which no response is required, except that Defendant denies that Plaintiff was ever employed by her or entitled to any wages.

70.     Defendant denies that Plaintiff worked in excess of forty (40) hours in any week, or that she worked any hours at all.

71.     The allegations set forth in Paragraph 71 of the Complaint constitute legal conclusions to which no response is required.

72.     Defendant denies the allegations set forth in Paragraph 72 of the Complaint.

Defendant denies that the Plaintiff is entitled to any relief of the nature set forth in the "wherefore clause" of the Complaint or any relief at all.


### COUNT III
### NEW YORK LABOR LAW
### Minimum Wages Claim

73.      Defendant hereby incorporates by reference the foregoing paragraphs of this Answer.

74.     The allegations set forth in Paragraph 74 of the Complaint constitute legal conclusions to which no response is required.

75.     The allegations of Paragraph 75 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with that document.

76.     The allegations set forth in Paragraph 76 constitute legal conclusions to which no response is required, except that Defendant denies that she and Plaintiff had an employee-employer relationship of any kind.

77.     The allegations set forth in Paragraph 76 constitute legal conclusions to which no response is required, except that Defendant denies that Plaintiff worked for her for any period of time.

78.     Defendant admits that she did not compensate Plaintiff, but denies that Plaintiff worked any hours at all.

79.     The allegations set forth in Paragraph 79 constitute legal conclusions to which no response is required, except that Defendant denies that Plaintiff worked for her for any amount of time.

80.     The allegations set forth in Paragraph 80 constitute legal conclusions to which no response is required, except that Defendant denies that Plaintiff worked for her for any amount of time.

Defendant denies that the Plaintiff is entitled to any relief of the nature set forth in the "wherefore clause" of the Complaint or any relief at all.

## COUNT IV
## NEW YORK LABOR LAW
### Minimum Wages Claim

81.     Defendant hereby incorporates by reference the foregoing paragraphs of this

Answer.

82.     The allegations set forth in Paragraph 82 constitute legal conclusions to which no response is required.

83.     The allegations of Paragraph 83 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with that document.

84.     The allegations set forth in Paragraph 84 constitute legal conclusions to which no response is required, except that Defendant denies that she and Plaintiff had an employee-employer relationship of any kind.

85.     The allegations set forth in Paragraph 85 constitute legal conclusions to which no response is required, except that Defendant denies that Plaintiff worked for her for any period of time.

86.     The allegations set forth in Paragraph 86 constitute legal conclusions to which no response is required, except that Defendant denies that Plaintiff worked for her for any amount of time.

87.     The allegations set forth in Paragraph 87 constitute legal conclusions to which no response is required, except that Defendant denies that Plaintiff worked for her for any amount of time.

Defendant denies that the Plaintiff is entitled to any relief of the nature set forth in the "wherefore clause" of the Complaint or any relief at all.

## COUNT V

### Spread of Hours

88.     The allegations set forth in Paragraph 88 of the Complaint constitute legal conclusions to which no response is required.

89.     Defendant denies the allegations set forth in Paragraph 89 of the complaint.

90.     Defendant admits that she did not compensate the Plaintiff for working more than ten hours in a day, as the Plaintiff did not work more than ten hours in a day, nor did she work for Defendant for any time at all.

91.     The allegations set forth in Paragraph 91 constitute legal conclusions to which no response is required, except that Defendant denies that Plaintiff worked for her for any time at all.

Defendant denies that the Plaintiff is entitled to any relief of the nature set forth in the "wherefore clause" of the Complaint or any relief at all.

## COUNT VI

92.     Defendant hereby incorporates by reference the foregoing paragraphs of this Answer.

93.     The allegations set forth in Paragraph 93 of the Complaint constitute legal conclusions to which no response is required.

94.     Defendant denies the allegations set forth in Paragraph 94 of the Complaint as Defendant denies that the Plaintiff was an employee.

95.     Defendant denies the allegations set forth in Paragraph 95 of the Complaint as Defendant denies that the Plaintiff was an employee.

96.     Defendant denies the allegations set forth in Paragraph 96 of the Complaint.

Defendant denies that the Plaintiff is entitled to any relief of the nature set forth in the "wherefore clause" of the Complaint or any relief at all.

## COUNT VII

97.     Defendant hereby incorporates by reference the foregoing paragraphs of this Answer.

98.     The allegations set forth in Paragraph 98 of the Complaint constitute legal

conclusions to which no response is required.

99.     Defendant denies the allegations set forth in Paragraph 99 of the Complaint.

100.     Defendant denies the allegations set forth in Paragraph 100 of the Complaint.

Defendant denies that the Plaintiff is entitled to any relief of the nature set forth in the "wherefore clause" of the Complaint or any relief at all.

## COUNT VIII

### Day of Rest Violation

101.     Defendant hereby incorporates by reference the foregoing paragraphs of this Answer.

102.     The allegations set forth in Paragraph 102 of the Complaint constitute legal conclusions to which no response is required.

103.     The allegations set forth in Paragraph 103 of the Complaint constitute legal conclusions to which to response is required

104.     Defendant denies the allegations set forth in Paragraph 104 and further denies that the Plaintiff was an employee of hers for any time at all.

Defendant denies that the Plaintiff is entitled to any relief of the nature set forth in the "wherefore clause" of the Complaint or any relief at all.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### FIRST AFFIRMATIVE DEFENSE

Defendants' claims, in whole or in part, fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the Counterclaims.

### THIRD AFFIRMATIVE DEFENSE

Defendants' claims are barred due to the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants' claims are barred because Plaintiffs acted at all relevant times in good faith.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant has not suffered any damages by the conducts alleged in the Counterclaims.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants' claims are barred due to their own wrongdoing and unlawful conduct.

WHEREFORE, Plaintiffs request judgment dismissing the Complaint in its entirety, with prejudice, together with costs, disbursements, attorneys' fees, and such other and further relief as the Court deems just and proper

 /s     Michael Faillace
Michael Faillace & Associates, P.C.
60 W. 42nd St. Suite 4510
New York, NY 10165
Attorney for Plaintiff