**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Young Sook Cho,<br><br>          Plaintiff,<br>   v.<br><br>Eun Sook Chu, the estate of Dong Yun Chu,<br>DYC Corp., 50 West Eunsook C.K. Corp., 17<br>Harwood, LLC, Pee Dee Corp., Pee Dee II<br>Corp., and Pee Dee Steak House II Corp.<br><br>     Defendants. | Index No. 21-cv-2297<br><br><br>**AMENDED COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Young Sook Cho through her attorneys, files her Amended Complaint against Eun Sook Chu, the estate of Dong Yun Chu, DYC Corp., 50 West Eunsook C.K. Corp., 17 Harwood, LLC, Pee Dee Corp., Pee Dee II Corp., and Pee Dee Steak House II Corp. and states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises from the wrongful acts of Defendants with respect to the forced labor of Plaintiff in the Chu home for more than twenty years. When Plaintiff became too old to work, Eun Sook Chu took Plaintiff to the Korean consulate, applied for her passport, purchased a one-way ticket to Korea, and sent her to Korea where she has no remaining friends or family. Defendants' actions are violations of the Trafficking Victims Protection Act, 18 U.S.C. § 1581, *et seq*. ("TVPA").

2.  The Chus have also violated  the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq*. for their failure to pay minimum and overtime compensation to Plaintiff. During the course

of her employment by the Chus, Plaintiff regularly worked over sixteen (16) hours per day and over forty (40) hours per week. The Chus did not pay her minimum wage and overtime wage properly. Plaintiff further alleges that the Chus' failure to pay overtime wages is willful and intentional.

## THE PARTIES

3.        Plaintiff was a resident of the State of New York until she was deported by defendant Chu.

4.        Defendant Eun Sook Chu resided at 6 Stonehouse Road, Scarsdale, New York.  Eun Sook Chu has appeared and answered in this action.

5.        Defendant Dong Yun Chu resided at 6 Stonehouse Road, Scarsdale, New York, until he passed away in 2018.

6.        Defendant DYC Corp., which owns a property at 2004-2008 Third Avenue, New York, NY 10029, is owned by Eun Sook Chu and Dong Yun Chu.

7.        Defendant 50 West Eunsook C.K. Corp., which owns a property at 50 West 125th Street, New York, NY 10027, is owned by Eun Sook Chu and Dong Yun Chu.

8.        Defendant 17 Harwood LLC, which owns a property at 17 E. Harwood Terrace, Palisades Park, NJ 07650, is owned by Eun Sook Chu and Dong Yun Chu.

9.        Defendant Pee Dee Corp., which owns restaurants, is owned by Eun Sook Chu and Dong Yun Chu.

10.        Defendant Pee Dee II Corp., which owns restaurants, is owned by Eun Sook Chu and Dong Yun Chu.

11.     Defendant Pee Dee Steak House II Corp., which owns restaurants, is owned by Eun Sook Chu and Dong Yun Chu.

12.     Plaintiff was at all relevant times an individual employed in the State of New York by the Chus.

## FACTUAL BACKGROUND

### A.     Cho moves to the United States.

13.     Plaintiff Young Sook Cho ("Cho") was born in countryside of South Korea in 1942.  Her mother died when was 18, and she had a difficult childhood and only completed school through the fifth grade.

14.      Cho lived in Korea until 1999.  While she had married, she got divorced from her husband that year and owed debts to several creditors.  When she could not pay, her creditors filed a criminal complaint against her, and she was pursued by the police.

15.     Her ex-husband's brother, defendant Dong Yun Chu, lived in Scarsdale, New York.  On a trip to Korea, Dong Yun Chu and his wife, defendant Eun Sook Chu (together, the "Chus"), invited Cho to work for them in New York.  The Chus hired Cho, inducing her to work for them by telling her she could live with them, they would pay her, she could save money to repay her debts, and she could escape the criminal complaint against her in Korea.

16.     Cho agreed to work for the Chus as a live-in domestic worker in New York. She entered the United States on a tourist visa.

17.     At the time Cho moved to New York, she was 58.

### B.     The Chus control all aspect of Cho's work and forced her to work sixteen hours a day, seven days a week, without pay.

18.      For the period commencing from about 1999 until February 25, 2021, Cho regularly and customarily, at the specific instructions and demand of the Chus actually performed work for the Chus over sixteen (16) hours per day and over one hundred (112) hours per week.

19.      During her employment period, Cho lived in the Chus' house for seven days per week, 365 days a year for over 20 years.

20.      The Chus employed Plaintiff to do work for them in the State of New York.

21.      Plaintiff was at all relevant times a non-exempt employee within the meaning of the FLSA minimum wage provision.

22.      Plaintiff was at all relevant times a non-exempt employee within the meaning of the NYLL and the implementing rules and regulations of the NYLL.

23.      Cho worked as a domestic live-in worker and her daily household duties included manual labor, among many other things, cleaning the whole house which had 6 bedrooms and 6 bathrooms, stairways, kitchen, preparing and serving all meals throughout the day, doing laundry for all the family members, washing the dishes, and pulling weeds from the front and back yards.

24.      Cho's day began around 6 a.m. and ended around 10 p.m. but sometimes lasted until 12 or 1 a.m.

25.      The Chus told Cho where to work and when to work.

26.      Cho was assigned to the manual labor by the Chus.

27.      The Chus managed, supervised, established, and administered the terms and conditions of Cho's employment.

28.     The Chus participated in and approved of the unlawful pay practices at their home in Scarsdale, New York.

29.     The Chus were involved in assigning work to Cho.

30.     The Chus had the power and authority to discipline Cho.

31.     The Chus exercised authority over the terms and conditions of Cho's employment and how much and the manner in which Cho was paid (or was not paid).

32.     The Chus were in charge of paying Cho.

33.     Cho was not required to possess any specialized skills in order to do the assigned work for the Chus.

34.     Cho did not have to supply her own tools and equipment in connection with her work for the Chus; rather the Chus provided them so that Cho could perform her job.

35.     Cho was required to report to work for the Chus at a certain time, and she could not set her own hours of work.

36.     From 1999 until 2001—for just two years—Plaintiff was paid $1,400 per month regardless of how many hours she actually worked. But for nearly 20 years, the Chus paid her nothing at all, from 2002 until February 25, 2021.

37.     The Chus did not keep any record of Cho's work hours nor did they ask Cho to keep such record.

38.     The Chus held Cho out as an employee.

39.     The Chus employed and paid Cho as their employee.

40.     The Chus are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

41.     No exemption from overtime wages applied to Cho's employment with the Chus under the NYLL.

42.     The Chus never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

43.     The Chus never obtained any written guidance from the U.S. Department of Labor concerning her pay practices and policies.

44.     Upon information and belief, the Chus knowingly, willfully, and intentionally violated the minimum wage and overtime provisions of the FLSA and the NYLL.

45.     Upon information and belief, the Chus failed to keep, maintain, and preserve truthful and accurate records of the hours that Cho worked and the wages paid to her.

46.     No exemption from overtime applies or applied to Cho when she worked more than 40 hours in a workweek for the Chus under New York state law.

47.     The Chus failed to pay Plaintiff overtime premium for all hours worked in excess of 40 hours per workweek.

**C.     The Chus force Cho to work for them through force and violence and the threat of sending her back to Korea.**

48.     During her employment period, Cho was routinely verbally and physically harassed and assaulted by Eun Sook Chu. Ms. Chu routinely kicked her, slapped her in the face, kicked her, or pinched her arm.  Cho often had many bruises.  She was afraid of Ms. Chu and lived in constant fear.

49.     Cho does not speak English and she became undocumented while working for the Chus when her tourist visa expired.  She did not have anyone to help her in her situation.

50.     The Chus frequently threatened Cho that they would take her to an airport and abandon her there.

51.     Ms. Chu repeatedly threatened Cho that when she arrived in Korea, she would be arrested by the police because they had a warrant for her.

52.     After living in the United States for more than 20 years, Cho no longer has any family, relatives, or friends in Korea.

53.     Because she was working constantly, Cho did not have any free time for herself during her employment. She was not given a cell phone, she was not allowed to use the home phone, and she did not have any money because the Chus refused to pay her.

54.     During the employment period, Plaintiff was not aware that she had a right to claim her unpaid wage at all.

55.     On occasion when Cho requested her unpaid wages, Ms. Chu yelled, swore at her, and beat her.

### D.     After forcing her to work without pay for 20 years, Ms. Chu sends Cho back to Korea.

56.     Cho is now 80.  Because she is unable to continue providing manual labor 7 days a week without a break, Ms. Chu decided to send Cho back to Korea.

57.     In early 2021, Ms. Chu visited the Consulate General of the Republic of Korea in New York.  She brought Cho along for the purpose of renewing Cho's Korean passport.

58.     Ms. Chu then bought a one-way ticket from New York to Korea for Cho.  On February 26, 2021, Ms. Chu sent Cho to Korea even though Cho had worked in her home every day for 22 years and Cho no longer has any family, friends, or relatives in Korea.  As Cho was past her use for Ms. Chu, Ms. Chu abandoned her.

59.     Cho is now suffering from a deep depression. Her doctors are concerned that she will attempt suicide, and she requires intensive, in-patient care.

**E.     The entity Defendants benefitted from the Chus' forced labor of Cho.**

60.     Because Cho provided unpaid labor at their home, the Chus were able to spend their time growing their business, acquiring properties, and operating restaurants.

61.     The entity Defendants knowingly benefitted financially from participating in the venture involving the forced labor of Cho.  The entity Defendants knew or should have known that the Chus were using Cho for unpaid and forced labor in their home.

## JURISDICTION AND VENUE

62.     This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331.  This Court also has jurisdiction over Cho's FLSA claims pursuant to 29 U.S.C. § 216(b) and over Cho's TVPA claims pursuant to 18 U.S.C. § 1595(a). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
## FAIR LABOR STANDARDS ACT
### Minimum Wage Claim against the Chus

63.     Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

64.     The FLSA requires employers, such as the Chus, to pay employees the minimum wage for all hours worked.

65.     At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

66.     During the applicable statute of limitations, the Chus failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

67.     Plaintiff does not or did not perform job duties or tasks that permit her to be exempt from a minimum wage as required under the FLSA.

68.     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

69.     Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable workweek, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

70.     Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by the Chus, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays for judgment in her favor and against the Chus, and each of them, and for the following relief:

A.  damages in an amount equal to the unpaid wages due and owing to Plaintiff, which were wrongfully converted to the Chus' use as described above;

B.  interest on all amounts awarded;

C.  attorneys' fees, together with costs of suit and collection; and

D.  such further relief as may be fair and just in the premises.

## COUNT II
## FAIR LABOR STANDARDS ACT
### Overtime Wages against the Chus

71.    All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats

and realleges each and every allegation set forth in this Complaint as though set forth fully at

length herein.

72.    This count arises from the Chus' violation of the Fair Labor Standards Act, 29 U.S.C.

§ 201. *et seq.,* and for her failure to pay overtime wages to Plaintiff for all hours worked.

73.    For a certain period of her employment, Plaintiff regularly worked more than 40 hours

a week and was never paid the proper amount of overtime wages.

74.    This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. § 216(b) and

venue is proper in this judicial district.

75.    During the course of her employment by the Chus, Plaintiff was not exempt from the

overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

76.    Plaintiff was directed by the Chus to work and did so work, in excess of forty (40)

hours per week.

77.    Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of

forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times

her regular rate of pay.

78.    The Chus did not compensate Plaintiff at a rate of one and one-half times her regular

rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

79.    The Chus' failure and refusal to pay overtime premium at one and one-half times

Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation

of the Fair Labor Standards Act, 29 U.S.C. § 207.

80.    The Chus willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff

overtime wages for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against the Chus as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
## NEW YORK LABOR LAW
### Minimum Wages Claim against the Chus

81.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

82.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

83.     The matters set forth in this count arise from the Chus' violation of the minimum wage provisions of the Minimum Wage Act Article 19 New York State Labor Law § 650 *et seq*. Plaintiff brings this action pursuant to NYLL § 663.

84.     At all relevant times herein, the Chus were "employers" as defined in the NYLL § 651-6, and Plaintiff was an "employee" within the meaning of NYLL § 651-5.

85.     Pursuant to NYLL § 652-1, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

86.     The Chus did not compensate Plaintiff minimum wages for all hours worked.

87.     The Chus violated the NYLL by refusing to compensate Plaintiff's minimum wages for all hours worked.

88.     Pursuant to 19 NYLL §§ 663-1 & 4, Plaintiff is entitled to recover her unpaid wages together with costs all reasonable  attorneys' fees, prejudgment interest, and an additional amount as liquidated damages equal to one hundred percent (100%) of the total of underpayments.

        **WHEREFORE,** Plaintiff prays for a judgment against the Chus as follows:

A.      A judgment in the amount of unpaid minimum wages for all hours worked;

B.      Liquidated damages pursuant to the formula set forth in 19 NYLL § 662;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and such other and further relief as this Court deems appropriate and just.

### COUNT IV
### NEW YORK LABOR LAW
### Overtime Wages against the Chus

89.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

90.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §  1367.

91.     The matters set forth in this Count arise from the Chus' violation of the overtime compensation provisions of the 12 NYCRR § 142-2.2.

92.     Pursuant to 12 NYCRR § 142-2.2, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

93.     The Chus failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) hours in individual workweeks.

94.     The Chus violated the NYLL overtime wage law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) hours in individual workweeks.

95.     The Chus willfully violated the NYLL overtime wage law by refusing to compensate Plaintiff at one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per week.

    **WHEREFORE**, Plaintiff prays for a judgment against the Chus as follows:

A.     A judgment in the amount of unpaid overtime wages for all hours worked;

B.     Liquidated damages pursuant to the formula set forth in 19 NYLL § 662;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Spread of Hours against the Chus

96.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

97.     Under New York State law, the "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for that day. New York State law requires that an employer pay an employee one (1) extra hour of pay at the minimum wage for each day that employee works an interval of more than ten (10) hours.

98.     Plaintiff regularly worked a "spread of hours" greater than ten (10) hours per day.

99.    The Chus never paid Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day.

100.   The Chus knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day as required by the New York State labor regulations.

> **WHEREFORE**, Plaintiff prays for a judgment against the Chus as follows:
>
> A.  A judgment in the amount of unpaid spread of hours for all number of days she worked more than ten (10) hours in a day;
>
> B.  Pre-judgment interest pursuant to N.Y.C.P.L.R. §§ 5001, 5004;
>
> C.  Liquidated damages pursuant to the formula set forth in 19 NYLL § 662;
>
> D.  Reasonable attorneys' fees and costs incurred in filing this action; and
>
> E.  Such other and further relief as this Court deems appropriate and just.

**COUNT VI**
**Time of Hire Wage Notice Requirement against the Chus**

101.   All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

102.   The NYLL requires employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by Plaintiff; the physical address of

employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

103.    The Chus intentionally failed to provide notice to the employee in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to the rate of pay, regular pay cycle and rate of overtime at her time of hire or her first day of employment.

104.    The Chus not only failed to provide notice to Plaintiff at Time of Hire but also failed to provide notice to Plaintiff even after the fact.

105.    Due to the Chus' violations of the NYLL, Plaintiff is entitled to recover from the Chus, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to the NYLL § 198(1-b).

    **WHEREFORE**, Plaintiff prays for a judgment against the Chus as follows:

A.  An award of damages for the Chus' failure to provide wage notice at the time of hire as required under the New York Labor Law;

B.  Reasonable attorneys' fees and costs incurred in filing this action; and

C.  Such other and further relief as this Court deems appropriate and just.

### COUNT VII
### Pay Stub Requirement against the Chus

106.    All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

107.    The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL § 195-1(d).

108.    The Chus have failed to make a good faith effort to comply with the NYLL with respect to compensation of plaintiff and did not provide the paystub on or after Plaintiff's payday.

109.    Due to the Chus' violations of the NYLL, Plaintiff is entitled to recover from the Chus, jointly and severally, $250 for each workday of the violation, up to $5,000 together with costs and attorneys' fees pursuant to the NYLL § 198(1-d).

   **WHEREFORE**, Plaintiff prays for a judgment against the Chus as follows:

A.  An award of damages for the Chus' failure to provide pay stubs as required under the New York Labor Law;

B.  Reasonable attorneys' fees and costs incurred in filing this action; and

C.  Such other and further relief as this Court deems appropriate and just.

## COUNT VIII
### Day of Rest Violation against the Chus

110.    All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

111.    Domestic workers are entitled to at least 24 consecutive hours of rest each and every calendar week. An employee may voluntarily agree to work on her/his day of rest if compensated at the overtime rate for all hours she/he works on the day of rest. The day of rest should, whenever possible, coincide with the employee's traditional day for religious worship. NYLL § 161.1.

112.    In addition, after one year of work with the same employer, a domestic worker shall

be entitled to at least three (3) days of rest in each calendar year at the regular rate of

compensation.

113.    The Chus have failed to make a good faith effort to comply with the NYLL with

respect to compensation of plaintiff and did not provide the Day of Rest during Plaintiff's

entire employment period.

**WHEREFORE**, Plaintiff prays for a judgment against the Chus as follows:

A.  An award of damages for the Chus' failure to provide Day of Rest as required under

the NYLL;

B.  Reasonable attorneys' fees and costs incurred in filing this action; and

C.  Such other and further relief as this Court deems appropriate and just.

**COUNT IX**
**TRAFFICKING VICTIMS PROTECTION ACT**
**Forced Labor Claim against all Defendants**

114.    All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats

and realleges each and every allegation set forth in this Complaint as though set forth fully at

length herein.

115.    Defendants have violated the provisions of the Trafficking Victims Protection Act, 18

U.S.C. § 1851 *et seq*.

116.    18 U.S.C. § 1589(a) provides that

Whoever knowingly provides or obtains the labor or services of a person by any one

of, or by any combination of, the following means—

(1) by means of force [or] threats of force . . . to that person [;]

(2) by means of serious harm or threats of serious harm to that person[;]

(3) by means of the abuse or threatened abuse of law or legal process; or

(4) by means of any scheme, plan, or pattern intended to cause the person to
   believe that, if the person did not perform such labor or services, that
   person . . . would suffer serious harm or physical restraint, shall be punished
   as provided under subsection (d).

117.   18 U.S.C. § 1589(b) provides that "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in subsection (d).

118.   Section 1590(a) provides that "[w]hoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter shall be fined under this title or imprisoned not more than 20 year, or both."  18 U.S.C. § 1590(a).

119.   Any victim of violations of the TVPA "may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in a violation of this chapter[.]"  18 U.S.C. § 1595(a).

120.   The Chus violated section 1590(a) when they induced Cho to move to New York to work for them knowing that they would force her to work in violation of the TVPA.

121.     The Chus violated section 1589(a) in a continuing pattern beginning in 1999 and ending only when Ms. Chu abandoned Cho by forcing her to return to Korea in 2021.

122.     The Chus obtained Cho's labor through means of force, threats of force, serious harm, threats of serious harm, the abuse or threatened abuse of law or legal process, and/or a scheme, plan, or pattern intended to cause Cho to believe that, if she did not perform such labor or services, she would suffer serious harm or physical restraint.

123.     The entity Defendants  benefitted from the Chus' venture that the entities knew or should have known engaged in violations of the TVPA.

124.     As a direct and proximate cause of Defendants' commission of the criminal offenses enumerated in the TVPA, Cho has in the past suffered and will continue to suffer injury and pain; emotional distress; psychological and psychiatric trauma; mental anguish; humiliation; confusion; embarrassment; loss of self-esteem; loss of dignity; loss of enjoyment of life; invasion of privacy; and other damages associated with Defendants' actions.  Cho will incur further medical and psychological expenses.  These injuries are permanent in nature and Cho will continue to suffer from them in the future.

125.     In addition to these losses, Cho has incurred attorneys' fees and will be required to do so in the future.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

    A.  An award of damages for Defendants' violations of the TVPA;

    B.  Punitive damages as permitted by law;

    C.  Reasonable attorneys' fees and costs incurred in filing this action; and

    D.  Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

Cho has demanded a jury on all Counts.

         /s/ Ryan Kim
         Ryan J. Kim

         Ryan Kim Law, P.C.
         222 Bruce Reynolds Blvd.
         Suite 490
         Fort Lee, NJ 07024
         Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Young Sook Cho,

        Plaintiff,

    v.

Eun Sook Chu, the estate of Dong Yun Chu,
DYC Corp., 50 West Eunsook C.K. Corp., 17
Harwood, LLC, Pee Dee Corp., Pee Dee II
Corp., and Pee Dee Steak House II Corp.

        Defendants.

No.  21-cv-2297

**CERTIFICATE**
**OF THE SERVICE**

I, Ryan Kim, hereby certify that on this date, May 19, 2021, a true and correct copy of

Plaintiff's Amended Complaint on:

Michael Faillace & Associates, P.C.
60 W. 42nd St. Suite 4510
New York, NY 10165

Via ECF

Dated: May 19, 2021

                 /s/ Ryan Kim
                Ryan J. Kim
                Ryan Kim Law, P.C.
                222 Bruce Reynolds Blvd, Suite 490
                Fort Lee, NJ 07024
                Attorney for Plaintiff