UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YOUNG SOOK CHO,

                Plaintiff,

- against -

EUN SOOK CHU, THE ESTATE OF DONG YUN CHU, DYC CORP., 50 WEST EUNSOOK C.K. CORP., 17 HARWOOD, LLC, PEE DEE CORP., and PEE DEE II CORP.,

                Defendants.

**ORDER**

21 Civ. 2297 (PGG) (SDA)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Young Sook Cho brings this Fair Labor Standards Act ("FLSA") action against her former employers Eun Sook Chu and Dong Yun Chu.[1] Cho also asserts Trafficking Victims Protection Act ("TVPA") claims against the Chus and several entities allegedly owned by them: DYC Corp., 50 West Eunsook C.K. Corp., 17 Harwood, LLC, Pee Dee Corp. and Pee Dee II Corp. (the "Entity Defendants"). (Second Am. Cmplt. ("SAC") (Dkt. No. 36) ¶¶ 6-10, 60)

        The Entity Defendants have moved to dismiss the SAC's claim against them. (Dkt. No. 39) Magistrate Judge Stewart D. Aaron has submitted a Report and Recommendation ("R&R") recommending that the Entity Defendants' motion to dismiss be granted, and that the SAC's TVPA claim be dismissed as to them. (R&R (Dkt. No. 46) at 7)

        For the reasons stated below, the R&R will be adopted in its entirety, and

---

[1] Dong Yun Chu died in 2018. (SAC (Dkt. No. 36) ¶ 5) Accordingly, Plaintiff asserts claims against Dong Yun Chu's estate.

Plaintiff's claim against the Entity Defendants will be dismissed.

## BACKGROUND

In 1999, Plaintiff – who was 58 years old – moved from South Korea to the United States because the Chus promised that they would employ her as their live-in domestic worker. (SAC (Dkt. No. 36) ¶¶ 12-15) From 1999 until February 25, 2021, Cho worked for the Chus for 16 hours per day and over 112 hours per week. (Id. ¶ 17) Her duties included cleaning the Chus' six-bedroom home, preparing and serving their meals, doing their laundry, washing their dishes, and weeding their backyard. (Id. ¶ 22) Regardless of the hours she worked, the Chus paid Cho a flat rate of $1,400 per month from 1999 until 2001. From 2002 until February 25, 2021, however, the Chus never paid Cho for her work. (Id. ¶ 35) Cho lived in the Chus' house every day that she worked for them. (Id. ¶ 18)

During Cho's employment, Defendant Eun Sook Chu verbally and physically harassed her. For example, Ms. Chu kicked and slapped Cho, which resulted in bruising and Cho living in constant fear. (Id. ¶ 47) And when Cho requested her unpaid wages, Ms. Chu retaliated by yelling back and beating her. (Id. ¶ 54) Ms. Chu also frequently threatened Cho that she would take her to an airport and abandon her there. (Id. ¶ 49)

In early 2021, Ms. Chu decided to send Cho back to Korea due to her inability to continue providing manual labor. Ms. Chu brought Plaintiff to the Korean consulate in New York to renew her Korean passport (id. ¶¶ 55-56), and on February 26, 2021, Ms. Chu sent Cho on a one-way flight back to Korea. (Id. ¶ 57) As a result of her 22-year employment with the Chus, Plaintiff now suffers from depression and requires intensive, in-patient care. (Id. ¶ 58)

Plaintiff alleges that the Chus benefitted from her unpaid labor because it allowed them to spend their time growing their business, acquiring properties, and operating restaurants.

(Id. ¶ 59)  According to the SAC, the Chus own or owned the Entity Defendants, and operated their restaurants through the Entity Defendants.  (Id. ¶ 60)

The SAC asserts FLSA and New York Labor Law claims against the Chus (id. ¶¶ 63-98), and a TVPA claim against the Chus and the Entity Defendants.  (Id. ¶¶ 99-111)  According to Plaintiff, the Entity Defendants violated the TVPA by participating in this unlawful "venture" with the Chus, because the Entity Defendants knowingly benefitted from Cho's forced labor.  (Id. ¶¶ 108-09; see 18 U.S.C. § 1595(a))

The Complaint was filed on March 16, 2021, and the SAC was filed on December 3, 2021.  (Dkt. Nos. 1, 36)

On February 8, 2022, the Entity Defendants moved to dismiss the SAC's claim against them.  (Dkt. No. 39)  On April 21, 2022, this Court referred the motion to Magistrate Judge Aaron for an R&R.  (Dkt. No. 43)

On May 12, 2022, Judge Aaron issued a thorough and well-reasoned 8-page R&R, recommending that the Entity Defendants' motion to dismiss be granted.  (R&R (Dkt. No. 46) at 7)

In his R&R, Judge Aaron notified the parties that they had fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure.  (Id. at 7-8)  The R&R further states that "[t]he failure to object with fourteen (14) days will result in a waiver of objections and will preclude appellate review."  (Id. at 8 (emphasis omitted))  No party has filed objections to the R&R.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

3

U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").  This Court has nonetheless reviewed Judge Aaron's R&R for clear error.

As Judge Aaron notes, the SAC asserts a single TVPA claim against the Entity Defendants for financially benefitting from Chus' forced labor of Cho.  (R&R (Dkt. No. 46) at 5) The TVPA states that

> [w]hoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means –
> 
> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
> 
> (2) by means of serious harm or threats of serious harm to that person or another person;
> 
> (3) by means of the abuse or threatened abuse of law or legal process; or
> 
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint. . . . [shall be guilty of a crime].

4

18 U.S.C. § 1589(a).

    18 U.S.C. § 1595(a) makes civilly liable

> whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter.

18 U.S.C. § 1595(a).

    As Judge Aaron notes, in order to demonstrate liability under "the financial beneficiary prong" of the TVPA, a plaintiff must satisfy "three elements:  (1) that the defendant 'knowingly benefited or received anything of value' (2) 'from participation in a venture,' (3) 'which [the beneficiary] knew or should have known has engaged' in an act in violation of [§ 1589]."  (R&R (Dkt. No. 46) at 5 (quoting Chen v. Cai, 19-CV-05387 (PMH), 2022 WL 917575, at *4 (S.D.N.Y. Mar. 28, 2022)))

    As to the first element, Judge Aaron finds that Plaintiff has not sufficiently alleged that the Entity Defendants benefitted or received anything of value from Cho's forced labor.  (Id. at 6)  Judge Aaron notes that "Plaintiff does not allege that she herself worked for . . . any of the Entity Defendants."  Plaintiff instead contends that the Entity Defendants "benefitted . . . because, as a result of Cho's labor, 'the Chus were able to spend their time growing their business, acquiring properties, and operating restaurants.'"  (Id. at 5 (quoting SAC (Dkt. No. 36) ¶ 60))  However, as Judge Aaron correctly observes, the SAC does not allege any facts to suggest that Cho's unpaid labor led the Chus to spend additional time or money on any of the Entity Defendants.  Accordingly, the Court agrees with Judge Aaron's conclusion that the SAC does not state facts sufficient to demonstrate that the Entity Defendants received anything of value from Cho's forced labor.  (Id. at 5-6)

    Judge Aaron also correctly concludes that the SAC does not adequately allege

how the Entity Defendants participated in a "venture" with the Chus to obtain Cho's forced labor. (Id. at 6) While acknowledging that "actual participati[on] in the forced labor is not required for civil liability under [the TVPA]," Judge Aaron finds that the SAC alleges no action whatsoever taken by the Entity Defendants. (Id.) Judge Aaron further notes that the allegation that "the Chus own[] and are associated with the Entity Defendants does not establish participation by the Entity Defendants." (Id. at 7 (citing Chen, 2022 WL 917575, at *5 n.4)) Judge Aaron also finds that the SAC's allegations concerning the Entity Defendants' participation in the "venture" are "conclusory," noting that Plaintiff's allegations merely re-state the statutory language from the TVPA. (Id. (quoting SAC (Dkt. No. 36) ¶¶ 61, 109))

In sum, this Court agrees with Judge Aaron that – as to the Entity Defendants – Plaintiff has not alleged facts sufficient "to raise a right to [TVPA] relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

This Court has otherwise reviewed Judge Aaron's comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

**CONCLUSION**

For the reasons stated above, Judge Aaron's R&R is adopted in its entirety, the Entity Defendants' motion to dismiss is granted, and the SAC's claim against Defendants DYC Corp., 50 West Eunsook C.K. Corp., 17 Harwood, LLC, Pee Dee Corp., and Pee Dee II Corp. is dismissed.  The Clerk of Court will terminate these parties as defendants in this action, and will terminate the motion (Dkt. No. 39).

Dated: New York, New York
September 26, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge